IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mr. Fardad VAHDAT,<br>    *Petitioner*,<br>v.<br><br>JOSEPH FREDEN,<br>    in his official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;<br><br>STEVEN KURZDORFER,<br>    In his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;<br><br>TODD LYONS,<br>    In his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,<br><br>KRISTI NOEM,<br>    In her official capacity as Secretary of Homeland Security,<br><br>        *Respondent.* | Civil Action No. 25-cv-584<br><br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS AND INCORPORATED MEMORANDUM OF LAW**<br><br><br>*Oral Argument Requested* |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

THE PARTIES...............................................................................................................................3

CUSTODY .....................................................................................................................................4

JURISDICTION & VENUE ..........................................................................................................4

    I.    SUBJECT MATTER JURISDICTION ..............................................................................4

    II.   PERSONAL JURISDICTION .............................................................................................4

    III.  VENUE ................................................................................................................................5

ARGUMENT..................................................................................................................................5

    I.    THE PETITIONER MUST BE RELEASED UNLESS THE GOVERNMENT PROVES IT HAS THE LAWFUL AUTHORITY TO DETAIN HIM ...............................................5

    II.   THE PETITIONER MAY NOT BE REMOVED FROM THE UNITED STATES UNLESS AND UNTIL THE GOVERNMENT PROVES IT HAS THE LAWFUL RIGHT TO DO SO ................................................................................................................6

    III.  THE RESPONDENTS MUST BE PREVENTED FROM REMOVING MR. VAHDAT OUT OF THIS JUDICIAL DISTRICT DURING THE PENDENCY OF THESE PROCEEDINGS ...................................................................................................................6

CLAIMS FOR RELIEF .................................................................................................................7

COUNT 1: PETITION FOR WRIT OF HABEAS CORPUS TO PREVENT THE GOVERNMENT FROM REMOVING MR. VAHDAT FROM THE UNITED STATES WHEN IT HAS NO LEGAL AUTHORITY TO DO SO.........................................................7

COUNT 2: MR. VARHAT'S CURRENT DETENTION IS IN VIOLATION OF THE REGULATIONS, CONTRAVENES THE STATUTORY BASIS FOR POST-ORDER DETENTION AND VIOLATES PROCEDURAL AND DUE PROCESS PROTECTIONS 7

PRAYER FOR RELIEF.................................................................................................................8

VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242..................................................................................................................9

**PRELIMINARY STATEMENT**

1. In 2016, Petitioner Mr. Fardad Vahdat, ("Mr. Vahdat") was granted deferral of removal under Article III of the Convention Against Torture from his native Iran - a decision which the Department of Homeland Security waived appeal from. Exh 1. He was ultimately released pursuant to an Order of Supervision.

2. On or about June 23, 2025, Mr. Vahdat - who was at his liberty and upon information and belief in full compliance with the terms of his Order Of Supervision - was walking down a street in Buffalo, New York, when he was approached by ICE officers. He was detained without warning or process and ultimately taken to the Buffalo Detention Facility.

3. Immigration counsel for Mr. Vahdat has asked ICE to explain its justification for Mr. Vahdat's arrest and detention - including for clarity as to its intentions on what it intends to do with him. Exh 2. The response received from ICE is unnerving - stating, in its entirety:

> Good morning, ICE has revoked his OSUP. You [sic] client has a final order for [sic] removal pending removal to Iran or another country of choice.
>
> Exh 3.

4. This short response raises the possibility of **four**, separate unlawful and/or unconstitutional acts by the government. <u>First</u>, Mr. Vahdat's "final order [of] removal" may not be executed: his removal to Iran has been deferred - and therefore any suggestion that Mr. Vardat can be removed to Iran is incorrect as a matter of law. <u>Second</u>, despite an explicit request, no reasons have been provided for revocation of his order of supervision and counsel are aware of none justifying it - rendering such a decision potentially unlawful. *See, e.g.* 8 C.F.R. § 241.4(4), 241.13 (setting out regulatory, required procedures for revocation of release) and *Ceesay v. Kurzdorfer*, No. 25-CV-267-LJV, 2025 WL 1284720 (W.D.N.Y. May 2, 2025) (finding no-notice

revocation of release unlawful). <u>Third,</u> Mr. Vahdat has not been provided any notification regarding potential third countries - or as ICE put it, "another country of choice" - to which immigration authorities may attempt to remove him, have not provided him a mechanism to voice any fear of being removed to such a country, nor any timeline upon which he could be removed. Mr. Vahdat's removal to a third country in these circumstances was subject to a preliminary injunction [1] which has now been stayed by the Supreme Court.[2] But until and unless the government makes its intentions clear, the government is preventing him from ascertaining whether he has a claim separate and apart from the stayed-*D.V.D.* class. <u>Fourth</u>, upon information and belief, the Department of Homeland Security does not have any reasonably foreseeable way of removing Mr. Vahdat: he cannot legally be deported to Iran, no travel documents have been obtained for any other country and there is no likelihood of obtaining one - ***even if*** Mr. Vahdat would not be able to state a credible fear of being deported to such countries (and as a man with significant mental health issues which require ongoing treatment, he is likely to be able to state a powerful claim to against removal to all countries the United States has been able to effect third country removals to recently). Likewise, upon information and belief, Mr. Vahdat poses no danger to the community. In other words, his detention at this time - nine <u>years</u> after his grant of deferral is not related to any lawful detention authority.

5. Until and unless the government is made to provide clarity to its detention authority and intentions regarding Mr. Vahdat, he is prevented from stating with particularity the basis of

---

[1] *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. CV 25-10676-BEM, 2025 WL 1142968 (D. Mass. Apr. 18, 2025), opinion clarified, No. CV 25-10676-BEM, 2025 WL 1323697 (D. Mass. May 7, 2025), and opinion clarified, No. CV 25-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025), reconsideration denied sub nom. *D.V.D v. U.S. Dep't of Homeland Sec.*, No. CV 25-10676-BEM, 2025 WL 1495517 (D. Mass. May 26, 2025)

[2] *Dep't of Homeland Sec. v. D.V.D.*, No. 24A1153, 2025 WL 1732103 (U.S. June 23, 2025)

his challenges to both his current detention and any attempts to remove him. But those answers are exclusively within the government's control and as such, he urgently invokes his ancient right for a writ of habeas corpus: to be brought before the Court and have this Court determine whether he is rightfully in confinement or not.

6. Additionally, should Mr. Vahdat be either moved out of the district or worse, out of the country pursuant to what he properly alleges is an *ultra vires* act (i.e. not based on any facially valid order of removal) he will not be able to vindicate his rights retroactively. For that reason, he implores the court to temporarily restrain his movement out of the Buffalo Federal Detention Facility until the Court has an opportunity for full briefing.

## THE PARTIES

7. Petitioner Mr. Fardad Vahdat, is detained in the custody of ICE. As of 5:30pm on July 3, 2025, he is being held at the Buffalo Federal Detention Facility, Batavia, New York. His custody and governmental actions related to his removal are likewise controlled by the Buffalo Field office, which is located within this judicial district.

8. Respondent Joseph Freden is the Buffalo, NY Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is the local ICE official who has authority over the Petitioner. *See Vasquez v. Reno*, 233 F,3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Feeley's office is at 250 Delaware Avenue, Floor 7, Buffalo, NY 14202. He may alternatively be considered to be Petitioner's immediate custodian. Respondent Searls' office is at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020.

9. Petitioner's custody within this judicial district and the governmental actions related to his potential removal from the district are likewise controlled by Respondents Kurzdorfer, Lyons and Noem.

## CUSTODY

10. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Facility ("BFDF") at 4250 Federal Drive, Batavia, New York 14020. The Deportation Officer responsible for his case is stationed at BFDF. The Petitioner is under the direct care, custody and control of Respondents and their agents.

## JURISDICTION & VENUE

I. SUBJECT MATTER JURISDICTION

11. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104 - 208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

12. This Court has jurisdiction under 28 U.S.C, § 2241, Art. I, § 9, el. 2 of the Constitution of the United States (the Suspension Clause) and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, the All Writs Act, 28 U.S.C. § 1651 and the Court's equitable habeas authority.

II. PERSONAL JURISDICTION

13. This Court has personal jurisdiction over Mr. Vahdat's immediate custodian (who is physically within the district).[3]

---

[3] Petitioner asserts this Court has personal jurisdiction over the additional Respondents, however, in the interests of brevity, the Petitioner will brief this if (1) any governmental acts challenged herein are found to relate to those Respondents (instead of the immediate custodian) and (2) the Government seeks to argue against personal jurisdiction.

III. <u>VENUE</u>

14. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.484, 493-500 (1973), venue lies in the United States District Court for the Western District of New York, the judicial district in which Petitioner is being detained. Petitioner is being detained at the Buffalo Federal Detention Facility, which is under the jurisdiction of the ICE Field Office of Buffalo, New York, which encompasses the area where Petitioner is being detained, pursuant to 28 U.S.C. § 1391.

**ARGUMENT**

I. <u>THE PETITIONER MUST BE RELEASED UNLESS THE GOVERNMENT PROVES IT HAS THE LAWFUL AUTHORITY TO DETAIN HIM</u>

15. The information provided by DHS thus far *suggests* that its re-arrest and continuing detention of Mr. Varhat violate its own regulations (namely 8 C.F.R. § 241.4 and 241.13). Specifically, (1) there has been no apparent change in circumstances since his deferral of removal was granted in <u>2016</u>, (2) Mr. Varhat does not appear to have violated any of the conditions of his Order of Supervision, which was revoked without notice or reason given (3) there is no reason to believe that Mr. Varhat "can be removed in the foreseeable future" and (4) there is no other compelling reason for the government to re-arrest and redetain him. As such, Mr. Varhat anticipates being able to state with particularity why his current detention is unlawful - and correspondingly a violation of procedural and substantive due process.

16. But because the rationale underpinning the government's actions is exclusively within the control of the respondents - and they have refused to state the justification for his arrest and detention - the Petitioner must, for now, rely upon the ancient form of the writ; to have this Court (1) ascertain the legal justification for his detention and (2) determine whether it is lawful. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("Habeas, […] is the

appropriate remedy to ascertain ... whether any person is rightfully in confinement or not.") (internal citations omitted).

17. This is true whether under this Court's statutory jurisdiction under 28 U.S.C. § 2241, _**or**_ the Suspension Clause of the Constitution (should any statutory provision purport to strip jurisdiction). U.S. CONST. Art. I, § 9, cl. 2.

18. DHS must be forced to describe with particularity why it believes it has the legal right to detain the Petitioner. If it does not, this Court must issue the writ to release him forthwith.

II. THE PETITIONER MAY NOT BE REMOVED FROM THE UNITED STATES UNLESS AND UNTIL THE GOVERNMENT PROVES IT HAS THE LAWFUL RIGHT TO DO SO

19. Once again, the Petitioner has a right to the ancient form of the writ; to have this Court ascertain whether the Government's actions in attempting to remove him - either pursuant to the February 1, 2016 order of removal to Iran (_which it is legally prevented from executing due to the grant of deferral_) or to "another country of choice", Exh 3, (_without even a semblance of due process and contrary to the statute and regulations regarding designations of third countries for removal_) - are lawful.

20. If the Government believes it has the right to remove Mr. Varhat, it must state why and he will be able to respond accordingly. If it does not, it must release him as his detention has become divorced from the only possible detention authority the Government possesses over Mr. Varhat.

III. THE RESPONDENTS MUST BE PREVENTED FROM REMOVING MR. VAHDAT OUT OF THIS JUDICIAL DISTRICT DURING THE PENDENCY OF THESE PROCEEDINGS

21. Mr. Vahdat has significant mental health problems, Exh 4, in addition to difficulties with comprehension. Telephonic visits for legal matters are thus particularly problematic, and in

person consultation with counsel is correspondingly extremely important. Mr. Vahdat's participation in these proceedings would thus become difficult - and potentially impossible - if he were transferred out of the jurisdiction prior this Court resolving this petition, *even if* the Court retains jurisdiction no matter where the Respondents may seek to transfer him.

## CLAIMS FOR RELIEF

### COUNT 1: PETITION FOR WRIT OF HABEAS CORPUS TO PREVENT THE GOVERNMENT FROM REMOVING MR. VAHDAT FROM THE UNITED STATES WHEN IT HAS NO LEGAL AUTHORITY TO DO SO

22. Mr. Vahdat re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

23. Mr. Vahdat may not be removed to any country at this time: he is subject to an order of removal which may not be executed and has received neither notification, nor opportunity to state a claim for fear of relief to any third country. The Government must be prevented from unlawfully detaining and removing him. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 117(2020) ("Habeas, […] is the appropriate remedy to ascertain ... whether any person is rightfully in confinement or not.")(internal citations omitted).

### COUNT 2: MR. VARHAT'S CURRENT DETENTION IS IN VIOLATION OF THE REGULATIONS, CONTRAVENES THE STATUTORY BASIS FOR POST-ORDER DETENTION AND VIOLATES PROCEDURAL AND DUE PROCESS PROTECTIONS

24. Mr. Vahdat re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

25. Since his deferral of removal was granted in 2016, (1) there has been no change of circumstances (2) Mr. Varhat does not appear to have violated any of the conditions of his Order

of Supervision, which was revoked without notice or reason given (3) there is no reason to believe that Mr. Varhat "can be removed in the foreseeable future" and (4) there is no other compelling reason for the government to re-arrest and redetain him. His detention is unlawful and violates his procedural and substantive due process rights. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 117(2020) ("Habeas, […] is the appropriate remedy to ascertain ... whether any person is rightfully in confinement or not.")(internal citations omitted).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that the Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Prevent the Petitioner's removal outside of this judicial district until this action is decided;

(3) Issue a temporary stay of Petitioner's removal until this action is decided;

(4) Grant the Writ of Habeas Corpus and;

(5) Fashion such additional relief as is necessary and appropriate, including declaratory relief or other interim relief necessary to vindicate Petitioners' rights under U.S. and international law.

Dated:  July 3, 2025                              /s/ Daniel E. Jackson

Daniel E. Jackson
*(Currently) Pro Bono Attorney for Petitioner*
1669 Indian Falls Road,
Corfu NY 14036
Email: dejackson@outlook.com
Tel: 617-372-2909

## VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242

I am submitting this verification on behalf of the Petitioner because I am one of the Petitioner's attorneys. I have discussed with the Petitioner's immigration attorney, Ryan Whitmer the events described in this Petition. On the basis of those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated: July 3, 2025                                           /s/ Daniel E. Jackson

_____
Daniel E. Jackson
*(Currently) Pro Bono Attorney for Petitioner*
1669 Indian Falls Road,
Corfu NY 14036
Email: dejackson@outlook.com
Tel: 617-372-2909

```
                    IMMIGRATION COURT
                  121 RED SCHOOLHOUSE ROAD
                    FISHKILL, NY 12524
In the Matter of
                                  Case No.: A097-060-690
VAHDAT, FARDAD
14B0190
         Respondent
                                  IN REMOVAL PROCEEDINGS

              ORDER OF THE IMMIGRATION JUDGE
```

This is a summary of the oral decision entered on __FEB 1, 2016___.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]   **The respondent was ordered removed from the United States to
      IRAN.** ~~or in the alternative to~~ ___.
[ ]   Respondent's application for voluntary departure was denied and
      respondent was ordered removed to IRAN or in the
      alternative to ___.
[ ]   Respondent's application for voluntary departure was granted until
      ___ upon posting a bond in the amount of $ ___
      with an alternate order of removal to IRAN.

Respondent's application for:
[ ]   Asylum was ( )granted ( )denied ( )withdrawn.
[X]   **Withholding of removal was** ( )granted ( )denied **(X)withdrawn.**
[ ]   A Waiver under Section ___ was ( )granted ( )denied (X)withdrawn.
[ ]   Cancellation of removal under section 240A(a) was ( )granted ( )denied
      ( )withdrawn.

Respondent's application for:
[ ]   Cancellation under section 240A(b)(1) was ( ) granted ( ) denied
      ( ) withdrawn. If granted, it is ordered that the respondent be issued
      all appropriate documents necessary to give effect to this order.
[ ]   Cancellation under section 240A(b)(2) was ( )granted ( )denied
      ( )withdrawn. If granted it is ordered that the respondent be issued
      all appropriated documents necessary to give effect to this order.
[ ]   Adjustment of Status under Section ___ was ( )granted ( )denied
      ( )withdrawn. If granted it is ordered that the respondent be issued
      all appropriated documents necessary to give effect to this order.
[X]   **Respondent's application of** ( ) withholding of removal **(X) deferral of
      removal under Article III of the Convention Against Torture was
      (X) granted** ( ) denied ( ) withdrawn.
[ ]   Respondent's status was rescinded under section 246.
[ ]   Respondent is admitted to the United States as a ___ until ___.
[ ]   As a condition of admission, respondent is to post a $ ___ bond.
[ ]   Respondent knowingly filed a frivolous asylum application after proper
      notice.
[ ]   Respondent was advised of the limitation on discretionary relief for
      failure to appear as ordered in the Immigration Judge's oral decision.
[ ]   Proceedings were terminated.
[ ]   Other: _____

Date: Feb 1, 2016

                                        ROGER S. SAGERMAN
                                        Immigration Judge

Appeal: Waived/Reserved   Appeal Due By: Mar 2, 2016
        BY BOTH

**Subject:** VAHDAT, FARDAD - A097-060-690
**From:** Ryan Witmer <ryan@borowskilaw.com>
**Date:** 6/25/2025, 9:09 AM
**To:** Batavia Duty Attorney <bataviadutyattorney@ice.dhs.gov>
**CC:** "staff@borowskilaw.com" <staff@borowskilaw.com>

Dear Duty Attorney:

I am seeking information on Mr. Vahdat. Form G-28 is attached. My understanding is that he was granted deferral of removal to Iran in 2016. He was recently taken into ICE custody and is detained at BFDF.

Can you please tell me how ICE is processing his case at this time? Does ICE intend to seek termination of the deferral before an IJ, third country removal, something else? Any information or documentation you can provide would be greatly appreciated.

Thank you,

--
Ryan L. Witmer
Borowski Witmer Immigration Lawyers
www.borowskilaw.com
4343 Union Road
Buffalo, New York 14225
United States: 716-330-1503
Canada: 647-367-1815
ryan@borowskilaw.com

Virginia Office
7005 Backlick Court, Suite 201
Springfield, VA 22151
703-649-3225

Licensed in Florida
*practice limited to U.S. Immigration and Nationality Law

── Attachments: ──────────────────────────────

G280034052.pdf                                                                                        525 KB

**Subject:** RE: VAHDAT, FARDAD - A097-060-690
**From:** "BTV-dutyofficer," <BTV-dutyofficer@ice.dhs.gov>
**Date:** 6/25/2025, 9:26 AM
**To:** Ryan Witmer <ryan@borowskilaw.com>
**CC:** "staff@borowskilaw.com" <staff@borowskilaw.com>

Good morning,

ICE has revoked his OSUP. You client has a final order for removal pending removal to Iran or another country of choice.

Respectfully,
Kayla Shay
Deportation Officer
Buffalo Field Office, Batavia Sub-Office
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement

This communication is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this communication should be furnished to the media, either in written or verbal form.

**From:** Ryan Witmer <ryan@borowskilaw.com>
**Sent:** Wednesday, June 25, 2025 9:01 AM
**To:** BTV-dutyofficer, <BTV-dutyofficer@ice.dhs.gov>
**Cc:** staff@borowskilaw.com
**Subject:** VAHDAT, FARDAD - A097-060-690

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Dear Duty Officer:

I understand that Mr. Vahdat was recently taken into ICE custody and is detained at BFDF.

I am writing to request a copy of any documents that have been served on him.

Can you also please tell me how ICE is processing this case?

Form G-28 is attached.

Thank you,

--

Ryan L. Witmer
Borowski Witmer Immigration Lawyers
www.borowskilaw.com
4343 Union Road
Buffalo, New York 14225
United States:  716-330-1503
Canada:  647-367-1815
ryan@borowskilaw.com

Virginia Office
7005 Backlick Court, Suite 201
Springfield, VA 22151
703-649-3225

Licensed in Florida
*practice limited to U.S. Immigration and Nationality Law



2412 Seneca St,
Buffalo, NY 14210
716-668-6638
www.shswny.com

6/26/2025

Re: Fardad Vahdat
DOB: 4/10/1990

Dear Fariba Jalili;

Mr. Fardad Vahdat is currently prescribed Invega Sustenna 234mg and receives this medication through injection, every 3 weeks. He last received this injection on 6/6/2025 and was scheduled to receive his next injection on 6/27/2025. It is imperative he continues to receive these injections, or his psychiatric symptoms will return. This medication is prescribed by Dr. Nilofar Sarvaiya, MD, SHS Medical Director.

His last individual therapy session with Tahereh Arnold, LMHC-P was 6/17/2025 and he was scheduled to return on 6/24/2025 as he is scheduled for weekly individual therapy sessions.

Sincerely,

Tahereh Arnold, LMHC-P
Clinician III
Spectrum Health and Human Services.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Fardad Vahdat

### DEFENDANTS
JOSEPH FREDEN, in his official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement; TEVEN KURZDORFER, In his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs

**(b)** County of Residence of First Listed Plaintiff: Genesee
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number): Daniel Jackson, 1669 Indian Falls Road Corfu NY 14036 Tel: 617-372-2909 Email: dejackson@outlook.com

Attorneys (If Known): USAO WDNY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☒ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 2241

Brief description of cause: Petition for writ of habeas corpus

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/03/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Daniel Jackson

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.         Example:    U.S. Civil Statute: 47 USC 553
                                                 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.